UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00449 ~TBR~

FILED
VANESSA L. ARMSTRONG, CLERK

OCT 20 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**THOMAS J. CASSELL**

**v.**

**MEGAN J. BRENNAN,**
**Postmaster General**

**JURY INSTRUCTIONS**

## INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims and defenses in question.

You have two main duties as a juror: The first is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and to apply it to the facts. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

The fact that the Plaintiff is an individual and the Defendant is an agency of the United States must not enter into or affect your verdict. This case should be considered and decided by you as an action between persons of equal worth and standing in the community. Agencies of the United States are entitled to the same fair trial at your hands as private individuals. All persons, including agencies of the United States such as the United States Postal Service and individual plaintiffs, stand equal before the law and are to be dealt with as equals in the court of justice.

You are to consider only the evidence in the case. Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and any facts and events that may have been admitted or stipulated. Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better

evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion. In our lives, we often look at one fact and conclude from it that another fact exists. In law, we call this an "inference." You are allowed to make reasonable inferences, but any inference you make must be based on the evidence in the case.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you have taken notes during the trial. You may use any notes taken by you during trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not your notes. You should not be influenced by another juror's notes.

When you go to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your discussions and will speak for you here in Court. You will

take these instructions to the jury room. When you have reached a unanimous agreement, your foreperson will complete, date, and sign your answers. Nothing I have said or done is intended to suggest what your verdict should be. That is entirely for you to decide.

Once you start deliberating, do not talk to the marshal or to anyone else, except each other, about the case. Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, or Snapchat, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

If you have any questions or messages during your deliberations, you must write them down on a piece of paper, sign them, and give them to the marshal. The marshal will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time for me to get back to you. One more thing about messages: Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and on the verdict. Now that all

the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original opinion was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds. Listen carefully to what other jurors have to say, and then decide for yourselves if the Plaintiff has proved his case by a preponderance of the evidence.

**INSTRUCTION NO. 1**

**Statement of the Case**

Thomas Cassell claims that the United States Postal Service retaliated against him for engaging in activity protected by Title VII of the Civil Rights Act of 1964. Thomas Cassell claims that he filed a gender discrimination complaint against the United States Postal Service with the Equal Employment Opportunity Commission. Thomas Cassell claims that the United States Postal Service retaliated against him for filing that complaint by terminating his employment.

The United States Postal Service denies Thomas Cassell's claims and contends that Thomas Cassell was terminated because of his work safety record.

## INSTRUCTION NO. 2

### Burden of Proof

The term "preponderance of the evidence" is used many times in these instructions and deserves some explanation before addressing the claims and defenses involved in the case. To establish something by a "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. It does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases, such as this one. Therefore, you should disregard it.

## INSTRUCTION NO. 3

### Elements

To establish a case of unlawful retaliation, Thomas Cassell must prove, by a preponderance of the evidence, each one of the following elements:

(1) Thomas Cassell filed a gender discrimination complaint with the Equal Employment Opportunity Commission against the United States Postal Service; and

(2) The United States Postal Service had knowledge of Thomas Cassell's gender discrimination complaint; and

(3) Thomas Cassell was subjected to an adverse employment action; and

(4) The United States Postal Service took the adverse employment action because of Thomas Cassell's filing of a gender discrimination complaint.

Concerning the first element, Thomas Cassell need not prove the merits of his gender discrimination complaint, but only that he was acting under a reasonable, good faith belief that his right to be free from discrimination on the basis of his gender was violated.

Concerning the second element, an employer is deemed to have notice of discrimination reported to any supervisor or department head who has been authorized – or is reasonably believed by a complaining employee to have been authorized – to receive and respond to or forward such complaints to management.

Concerning the third element, an "adverse employment action" is a materially adverse change in the terms and conditions of Thomas Cassell's employment. Mere inconvenience, alteration of job responsibilities, or bruised ego is not enough for adverse employment action. Termination, however, is in fact an adverse employment action.

Concerning the fourth element, that of causal connection, an employer is entitled to operate its business using its own business judgment.  Neither a court nor a jury sits as a "super personnel department" to review an employer's business decisions.  As a result, you may not return a verdict for Thomas Cassell just because you might disagree with the United States Postal Service's decision or believe it to be harsh or unreasonable.  Thomas Cassell was a probationary PSE employee at the time of his termination.  Therefore, the United States Postal Service could terminate Thomas Cassell's employment for any reason, or no reason.  However, the United States Postal Service may not terminate an employee, probationary or otherwise, solely because the employee filed a gender discrimination complaint.

Ultimately, you must decide whether Thomas Cassell's filing of a gender discrimination complaint with the Equal Employment Opportunity Commission had a determinative effect on the United States Postal Service's decision to terminate his employment. "Determinative effect" means that if not for Thomas Cassell's filing of a gender discrimination complaint, his termination by the United States Postal Service would not have occurred.

## INSTRUCTION NO. 4

### General Damages

If you find that the United States Postal Service violated Title VII of the Civil Rights Act of 1964, then you must determine whether it has caused Thomas Cassell damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Thomas Cassell has proved liability, or that Thomas Cassell is entitled to any damages. That is all for you to decide.

Thomas Cassell must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Thomas Cassell need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

## INSTRUCTION NO. 5

### Back Pay

If you find by a preponderance of the evidence that Thomas Cassell lost income as a result of retaliation, then Thomas Cassell is entitled to recover the amount of back pay he would have earned in his employment with the United States Postal Service if he had not been terminated from November 23, 2013, to the date of your verdict, minus the amount of earnings that he received from other employment during that time.

Back pay includes the amounts the evidence shows Thomas Cassell would have earned had he remained an employee of the United States Postal Service. These amounts include wages or salary. You must subtract the amounts of earnings the United States Postal Service proves by a preponderance of the evidence Thomas Cassell earned or reasonably could have earned during the period in question. Do not subtract any amount of unemployment benefits Thomas Cassell may have received.

Do not include as damages interest on wages.

## INSTRUCTION NO. 6

### Front Pay

If you find by a preponderance of the evidence that Thomas Cassell lost future wages as a result of retaliation, you must calculate an award of front pay.

Front pay is a form of future damages. To calculate an award of front pay, you must determine the difference, if any, between the amount that you believe Thomas Cassell will earn, or would reasonably be able to earn, through other employment, and the amount he would have earned had he continued to work at the United States Postal Service.

Front pay may be awarded only for the period of time that you determine will be required for Thomas Cassell to obtain employment earning wages comparable to the wages he earned at the United States Postal Service, but in no event shall an award of front pay be made for a period of time beyond the date when Thomas Cassell would have voluntarily resigned or retired from the United States Postal Service.

Your award of front pay must be based upon the evidence presented and may not be based upon speculation or conjecture. You should not award front pay for any period of time beyond that which you can make a reasonable determination based on the evidence as to Thomas Cassell's potential job opportunities, skills, education, and earning ability.

## INSTRUCTION NO. 7

### Duty to Mitigate

You are instructed that any person, such as Thomas Cassel, who claims economic damages as a result of an alleged wrongful act of the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. The United States Postal Service bears the burden to prove that Thomas Cassell failed to use reasonable care and diligence to mitigate damages. To meet this burden, the United States Postal Service must prove that:

(1) There were substantially equivalent positions that were available; and

(2) Thomas Cassell failed to use reasonable care and diligence in seeking those positions.

Substantially equivalent positions are positions that would have provided virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status. The reasonableness of the effort to find substantially equivalent employment should be evaluated in light of Thomas Cassell's individual characteristics and the characteristics of the job market.

So, if you should find from the preponderance of the evidence that Thomas Cassell failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Thomas Cassell's damages by the amount that could have been reasonably realized if he had taken advantage of such opportunity.

## INSTRUCTION NO. 8

### Compensatory Damages

If you find in favor of Thomas Cassell, then you must award such sum as you find by the preponderance of the evidence will fairly and justly compensate Thomas Cassell for any damages you find he sustained as a direct result of the United States Postal Service's retaliation against him.

Thomas Cassell's claim for compensatory damages includes damages from emotional distress. Emotional distress is mental distress, mental suffering, or mental anguish. If you find that the United States Postal Service retaliated against Thomas Cassell, then you must determine an amount that is fair compensation for his compensatory damages.

You may award these damages only for injuries that are proved to have been caused by the United States Postal Service's alleged wrongful conduct. The damages you award must be fair compensation, no more and no less.

No evidence of monetary value of such intangible injuries such as pain and suffering, humiliation or inconvenience has been, or need be, introduced into evidence. A person claiming such injury need not prove injury by use of an expert. You may determine whether or not Thomas Cassell suffered injuries by the testimony presented by witnesses. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not

require that the Plaintiff prove the amount of these losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture, and you may not award damages under this instruction by way of punishment or through sympathy.

## VERDICT FORM NO. 1

### Elements

Do you find from a preponderance of the evidence that the Plaintiff, Thomas Cassell, has established each of the following:

(1) Thomas Cassell filed a gender discrimination complaint with the Equal Employment Opportunity Commission against the United States Postal Service; and

(2) The United States Postal Service had knowledge of Thomas Cassell's gender discrimination complaint; and

(3) Thomas Cassell was subjected to an adverse employment action; and

(4) The United States Postal Service took the adverse employment action because of Thomas Cassell's filing of a gender discrimination complaint.

YES _____                                  NO _____

_____
Foreperson

_____
Date

**IF YOU ANSWERED "YES," PLEASE PROCEED TO VERDICT FORM NO. 2.  IF YOU ANSWERED "NO," THEN YOUR VERDICT IS NOW COMPLETE, AND YOU SHOULD RETURN TO THE COURTROOM.**

## VERDICT FORM NO. 2

### Back Pay

Do you find from a preponderance of the evidence that under Instruction No. 5, the Plaintiff, Thomas Cassell, lost wages as a result of the United States Postal Service's retaliatory termination in violation of Title VII, for having made a complaint about gender discrimination?

YES _____                                    NO _____

If your answer is "YES," then under the law as given to you in Instructions No. 5 and 7 state the amount of back pay that Thomas Cassell should be awarded from the United States Postal Service, less any amount that the United States Postal Service has proven by a preponderance of the evidence that Thomas Cassell earned in subsequent employment or could have earned by exercising reasonable diligence in finding suitable employment. Do not subtract any amount of unemployment benefits Thomas Cassell may have received.

AMOUNT $_____

_____
Foreperson

_____
Date

**PLEASE PROCEED TO VERDICT FORM 3.**

## VERDICT FORM NO. 3

### Front Pay

Do you find from a preponderance of the evidence that under Instruction No. 6, the Plaintiff, Thomas Cassell, lost future wages as a result of as a result of the United States Postal Service's retaliatory termination in violation of Title VII, for having made a complaint about gender discrimination?

YES _____                                        NO _____

If your answer is "YES," then under the law as given to you in Instructions No. 6 and 7 state the amount of future wages that you award Thomas Cassell.

AMOUNT $_____

_____
Foreperson

_____
Date

**PLEASE PROCEED TO VERDICT FORM 4.**

## VERDICT FORM NO. 4

### Compensatory Damages

Do you find from a preponderance of the evidence that under Instruction No. 7, the Plaintiff, Thomas Cassell, suffered compensatory damages which were proximately caused by the unlawful conduct for which you have found the United States Postal Service liable?

YES _____                                    NO _____

If your answer is "YES," then under the law as given to you in Instruction No. 8, state the amount of compensatory damages that Thomas Cassell should be awarded from the United States Postal Service.

AMOUNT $_____

_____
Foreperson

_____
Date

**YOUR VERDICT IS NOW COMPLETE.  PLEASE RETURN TO THE COURTROOM.**