UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00449-TBR

THOMAS J. CASSELL                                                                               PLAINTIFF

v.

MEGAN J. BRENNAN, Postmaster General                           DEFENDANT

**Memorandum Opinion and Order**

This matter is before the Court upon Defendant's verified motion for costs. [DN 92.] Plaintiff has responded, [DN 93], and Defendant has replied, [DN 94]. Fully briefed, this matter is ripe for adjudication, and for the following reasons, Defendant's motion [DN 92] is GRANTED IN PART and DENIED IN PART.

This action came before the Court for a trial by jury on October 18, 2016. On October 20, 2016, the jury returned its verdict, finding that Defendant did not retaliate against Plaintiff for filing an EEOC gender discrimination complaint. *See* [DN 89.] The Court thereafter entered a judgment in Defendant's favor. [DN 90.] Defendant timely submitted his verified motion for costs, accompanied by a bill of costs and invoices of the various expenses. *See* [DN 92 and exhibits.] Defendant's trial counsel, Assistant United States Attorney Jason Snyder, also submitted a declaration stating that the costs Defendant seeks were necessarily incurred in this case. [DN 94-1.] Defendant seeks to recover three costs in this matter: (1) the cost of deposing witness L.C., (2) the cost of an expedited transcript of Plaintiff's cross-examination testimony, and (3) the costs incurred in presenting the testimony of

two witnesses, G.H. and J.M. [DN 92-1 at 3.] Plaintiff objects only to the first two items. *See* [DN 93-1.]

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is generally allowed to recover its costs, other than attorney's fees. 28 U.S.C. § 1920 specifies what costs may be taxed. Any costs taxed by the Court must be allowed under § 1920, and must be reasonable and necessary in amount. *See BDT Prods, Inc. v. Lenmark Int'l., Inc.*, 405 F.3d 415, 417 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, ___ U.S. ___, 132 S.Ct. 1997 (2012). There is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d). *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001); *Ford v. FedEx Supply Chain Servs., Inc.*, 2009 WL 1585849, at *1 (W.D. Tenn. June 3, 2009).

First, as to the cost of deposing witness L.C., Plaintiff claims that he "should only be required to pay the original transcript fee on the court reporter bill." [DN 91 at 1.] As shown by the invoice submitted by Defendant, in addition to the $588.00 original transcript fee, the court reporter charged a $142.50 appearance fee, $12.00 for an original index, $84.00 for a condensed transcript, $12.00 for a condensed transcript index, $84.00 for an ASCII transcript, $84.00 for an e-transcript, and $12.00 for an e-transcript index. [DN 92-2 at 2.] The Sixth Circuit has previously stated that "'[o]rdinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sutter v. Gen. Motors Corp.*, 100 F. App'x 472, 475 (6th Cir. 2004) (quoting

*Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)). Similarly, the applicable statute, 28 U.S.C. § 1920(2), authorizes taxation of the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Defendant correctly points out that the Sixth Circuit has previously stated that "[t]he court reporter's appearance fee is necessary to take a deposition," and therefore, it is a cost that may be properly taxed under 28 U.S.C. § 1920(2). *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002). However, most courts hold that condensed transcripts, e-transcripts, ASCII transcripts, and the like are "tools used for the convenience of counsel," and are therefore not recoverable. *IMRA Am., Inc. v. IPC Photonics Corp.*, No. 06-15139, 2012 WL 6553523, at *2 (E.D. Mich. Dec. 14, 2012); *see also Kidd v. Mando Am. Corp.*, 870 F. Supp. 2d 1297, 1299 (M.D. Ala. 2012) (disallowing ASCII transcripts and condensed deposition transcripts as convenience costs); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 450 (W.D. Tex. 2010) (same). The Court sees no reason to depart from that rule here. Therefore, the Court finds that the original transcript fee, the court reporter's appearance fee, and the fee for an original index were "[f]ees . . . necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The remaining costs arising from L.C.'s deposition are disallowed.

Second, Plaintiff contends that "the overnight transcript of Plaintiff's testimony is not properly billable as costs," because it "was not necessary to the defense of this matter." [DN 93 at 1.] Neither this Court nor the Sixth Circuit has squarely addressed whether a trial transcript used as demonstrative evidence

3

during a closing argument is properly taxable as a cost under § 1920. However, as a general rule, the expenses of generating demonstrative aids are taxable "when necessarily obtained for use in the case." *IMRA Am.*, 2012 WL 6553523, at *5 (citation omitted); *see also* 28 U.S.C § 1920(4) (allowing "[f]ees for exemplification and the costs of making copies of any materials"). Similarly, the expense of trial transcripts, including daily transcripts, "are only taxable when necessary." *True N. Energy, LLC v. Chicago Title Ins. Co.*, No. 3:10 CV 1100, 2011 WL 5362063, at *4 (N.D. Ohio Oct. 27, 2011) (citing *Hartford Fin. Servs. Group, Inc. v. Cleveland Pub. Library*, No. 1:99 CV 1701, 2007 WL 963320, at *6 (N.D. Ohio Mar. 28, 2007)); *see also White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 731-32 (6th Cir. 1986). In its motion, Defendant explains at some length how the transcript of Plaintiff's cross-examination was necessary to the presentation of its closing argument, correctly stating that "Plaintiff's own testimony provided some of the most salient evidence in the case he brought." [DN 92-1 at 2.] In response, Plaintiff states only that "[t]he transcript . . . was used as a prop by Defendant in its closing argument." [DN 93 at 1.] Defendant has shown, and Plaintiff has not rebutted, that the transcript of Plaintiff's testimony was not merely a convenience; rather, it was necessary to Defendant's presentation of its case. Therefore, the $329.80 cost Defendant incurred in procuring that transcript is properly taxed as a cost under § 1920.

## Conclusion

For the foregoing reasons, Defendant's motion for costs [DN 92] is GRANTED IN PART and DENIED IN PART. The following costs are awarded:

| | |
|---|---|
| Witness costs: | $148.10 |
| Deposition of L.C. (including appearance fee, original transcript, and original index): | $742.50 |
| Transcript of Plaintiff's cross-examination testimony: | $329.80 |
| Total: | $1,220.40 |

CC: Counsel of Record